## UNITED STATES OF AMERICA, Plaintiff–Appellee,

v.

## William E. BRAGG, Defendant–Appellant.

No. 00–30226.

D.C. No. CR–99–01138–HRH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2001.

Decided March 16, 2001.

Before PREGERSON, THOMAS, and GOULD, Circuit Judges.

## MEMORANDUM *

In September 1999, federal agents received a tip from a known informant that there was an indoor marijuana grow on some property in the Matanuska Valley in Alaska. The agents investigated the tip by walking up the driveway of the property to see if they could detect the odor of marijuana. When they were about 45 feet up the driveway, the agents smelled marijuana. On the basis of this observation, the agents secured a search warrant. Upon executing the search warrant, the agents discovered 136 marijuana plants.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

William Bragg, the owner of the property searched, was indicted for the manufacture of marijuana. He moved to suppress the evidence discovered pursuant to the search warrant on the ground that the agents were inside the protected curtilage of his home when they smelled the marijuana. The district court denied Bragg's motion to suppress because it found that Bragg did not reside in the building that housed the marijuana. The district court concluded in the alternative that even if Bragg did reside in the building, the agents were not inside the curtilage of the residence when they smelled the marijuana. Bragg appeals.

After reviewing the record, we conclude that the district court's finding that Bragg did not reside in the building that housed the marijuana was not clearly erroneous.[1] Because Bragg did not reside in the building that housed the marijuana, the area surrounding the building is not protected curtilage. *See United States v. Dunn,* 480 U.S. 294, 300, 107 S.Ct. 1134, 94 L.Ed.2d 326 (1987) (Fourth Amendment protects "area immediately surrounding a *dwelling*") (emphasis added). The agents did not violate Bragg's Fourth Amendment rights, and we therefore affirm the district court's denial of Bragg's motion to suppress.

AFFIRMED.

---

1. During oral argument, counsel for both sides agreed that we should review the district court's finding under a clearly erroneous standard.

